**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON WORLEY, #886057,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1061-N** |
| | ) | **ECF** |
| **MICKEY BLAKE ROBERTSON, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Kaufman County Jail in Kaufman, Texas. Defendants are Mickey Blake Robertson, a supervisor at Robertson Electric, Plaintiff's former employer; Ellis Robertson, an employee at Robertson Electric; and Mickey Robertson, the owner of Robertson Electric. The Court did not issue process in this case, pending preliminary screening.

Statement of Case:  Plaintiff seeks to sue Defendants for failing to call medical personnel and/or render medical aid on June 17, 2004, when he passed out in a work truck in front of Robertson Electric as a result of a heat stroke. According to Plaintiff, Defendants left him in the

work truck until quitting time and then threw a bucket of ice water, which woke him up.  The

next day, Defendants fired Plaintiff even though he had a doctor statement certifying that he had

not been intoxicated and that he had suffered from a heat stroke.  Plaintiff states that he has

endured two more strokes and three seizures since the above incident, and is presently taking

anti-seizure medication.  He requests monetary damages.

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma*

*pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes

a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which a prisoner seeks redress from a governmental entity or
> officer or employee of a governmental entity [and] [o]n review, the court shall
> identify cognizable claims or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
> upon which relief may be granted; or (2) seeks monetary relief from a defendant
> who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal

question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2)

complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see

28 U.S.C. § 1332.

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights

actions pursuant to 42 U.S.C. § 1983.[1]  That section affords redress only for conduct committed

---

[1]     42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to
be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities

by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation.  Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Scott v. Moore, 85 F.3d 230, 233 (5th Cir. 1996); Thibodeaux v. Bordelon, 740 F.2d 329, 332 (5th Cir. 1984).  Robertson Electric and its owner, supervisor, and employees are private citizens.  As such their conduct in failing to render medical aid and in firing Plaintiff is not cognizable under § 1983 and should be dismissed with prejudice as frivolous.

Apart from any civil rights violations, the complaint fails to allege a federal question arising under the Constitution or federal law.  The complaint merely alleges injuries sustained as a result of the failure to render medical aid and the loss of Plaintiff's job at Robertson Electric. the complaint fails to allege a federal question arising under the Constitution or federal law against Dr. Clayton.  See 28 U.S.C. § 1331.  Nor is federal diversity jurisdiction proper. Plaintiff and Defendants are citizens of Texas.  See 28 U.S.C. § 1332.  Therefore, any remaining claims against Defendants should be dismissed for want of jurisdiction.  Ross v. Marshall, 426 F.3d 745, 751 (5th Cir. 2005) (the court must examine *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction at the inception of any federal action); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988) (same).

---

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's civil rights claims be dismissed with prejudice as frivolous, see 28 U.S.C. § 1915(e)(2)(B) and 1915A(2), and that any remaining claims be dismissed for want of jurisdiction, see 28 U.S.C. §§ 1331 and 1332.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of June, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.